# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **CLIFFORD BART DUNBAR** | § | |
| | § | |
| **V.** | § | **A-16-CA-412-SS** |
| | § | |
| **LORIE DAVIS** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 5); Respondent's Answer (Document 9); and Petitioner's response thereto (Document 10). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

### A.    Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas, in cause number D-1-DC-12-904010. Petitioner was charged by indictment for failing to comply with the

sex offender registration requirements for a repeat sex offender.  Petitioner was further charged as

a repeat felony offender.  Petitioner was found guilty by a jury, and on April 13, 2012, was found to

be a repeat offender and sentenced to a term of life imprisonment.

The Third Court of Appeals of Texas affirmed Petitioner's conviction on June 13, 2014.

Dunbar v. State, No. 03-12-00315-CR, 2014 WL 2741237 (Tex. App. – Austin, June 13, 2014).  On

December 17, 2014, the Texas Court of Criminal Appeals refused Petitioner's petition for

discretionary review.  Dunbar v. State, PDR No. 0858-14.

Petitioner also challenged his conviction in a state application for habeas corpus relief.  The

Texas Court of Criminal Appeals denied the application without written order on November 25,

2015.  Ex parte Dunbar, Appl. No. 36,078-02.

**B.**  **Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated

below.

> In 1983, appellant was convicted of aggravated rape in Howard County, Texas and
> indecency with a child in Mitchell County, Texas. He was sentenced to prison terms
> of fifteen and thirty years, respectively, for these convictions, to be served
> consecutively. He was released on parole in 1998 and required to register as a sex
> offender. He was required to verify his residence every ninety days and to comply
> with registration requirements governing travel and relocation. He signed a statement
> that he understood his registration requirements. Appellant registered timely upon his
> release from prison, verified his address over the following ten years while living in
> Austin, and changed his address when he moved to Manor in December 2008.
>
> In early 2009, appellant had a small janitorial services company through which he
> worked as a subcontractor for Kevin Wyrick. On April 9, 2009, Wyrick received
> complaints that appellant had not cleaned the stores he was assigned. Wyrick
> unsuccessfully tried to contact appellant, then reported him missing to the Travis
> County Sheriff's Office. The Travis County registrar for sex offenders tried to contact
> appellant on his cell phone from April 9–14, but received no reply. A peace officer
> went to appellant's Manor home on April 14 and did not find him or his car, but did

2

find someone else's vehicle. Appellant's wife stated that he was missing. His parole officer, who had met with appellant on April 6, 2009, attempted to contact him but could not despite a requirement that appellant be at home between 10 a.m. and 1 p.m. The parole officer also left phone messages and visited appellant's Manor home on April 14. She could not make contact then or when she tried again on April 20. Appellant failed to appear at his scheduled parole visit on May 4, 2009. Appellant did not report an intended move or travel.

Appellant was arrested in Michigan on May 8, 2009. United States marshals, responding to a tip, went to an apartment to inquire about appellant's whereabouts. When the marshals drew their weapons and called for appellant to surrender, he attempted to escape by jumping out of a third-floor window. Hampered by a broken back from the fall, appellant was arrested two blocks away. On May 20, 2009, appellant's vehicle was reported to Michigan authorities as abandoned more than thirty miles away from where he had been arrested. The owner of the home where the vehicle was abandoned had the keys to the car and told the Michigan state trooper that the vehicle had been there for at least a month. In the vehicle, there were pillows, notebooks, stacks of papers, a photo, newspapers, and a cup that combined to give Michigan State Trooper Zachary Sparks the impression that someone had been living out of the vehicle. The trooper found no indications that appellant had established a Michigan address such as an apartment lease or utility bill. Appellant never informed Texas authorities he was leaving or Michigan authorities that he was coming and had arrived, nor was there any evidence that he had communicated his travel or relocation intentions to any relevant authorities.

The State of Texas charged appellant with failure to register as a sex offender by failing to report an intended change of address to law enforcement or his parole officer within seven days of the change, failing to provide law enforcement or his parole officer with his anticipated move date and address, failing to report to his supervising officer not less than weekly during the time period in which he had not moved to the intended residence, and failing to provide his supervising officer with his temporary address following his intended move. See Tex. Code Crim. Proc. arts. 62.051, .055. The trial court put these theories into a single paragraph in the jury charge and charged them disjunctively, thereby permitting the jury to convict appellant of a single violation if they found he failed to take any of the four required actions. This charge permitted the jury to find a violation even if the jurors did not all agree on which omission occurred. The jury found that appellant had failed to comply with sex offender registration requirements.

At the punishment phase, the jury heard evidence that appellant had sexually assaulted a woman in early 2009. In cooperation with law enforcement, this woman called appellant to discuss the assault, as well as her resulting pregnancy, on April 8, 2009—the day before appellant was first reported as having missed work.

Dunbar v. State, No. 03-12-00315-CR, 2014 WL 2741237 at, *1-2 (Tex. App. – Austin, June 13, 2014).

**C.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The trial court erred in "sentencing him for a second degree felony enhanced to a first degree felony when indictment read to jury was a third degree felony with one enhancement to second degree felony;

2.      Petitioner was deprived of his Sixth Amendment right to a unanimous verdict of guilt on one of the two statutory violations with which he was charged;

3.      The evidence was legally and factually insufficient to sustain the conviction; and

4.      He was denied effective assistance of counsel because counsel failed to file pretrial motions, investigate, know the law, object, and preserve errors.

**D.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act.  See Harrington v. Richter, 562 U.S. 86, 97–100 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

was adjudicated on the merits in State court proceedings unless the adjudication of
the claim–

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
        determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
        State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim

'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)."

Harrington, 562 U.S. at 98.

        One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's

order is unaccompanied by an opinion explaining the reasons relief has been denied." Id.  Following

all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due

a state court decision under § 2554(d) "does not require that there be an opinion from the state court

explaining the state court's reasoning."  Id. (citations omitted).  The Court noted that it had

previously concluded that "a state court need not cite nor even be aware of our cases under

§ 2254(d)."  Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no

explanation with a state court decision, the habeas petitioner's burden is to show there was "no

reasonable basis for the state court to deny relief."  Id.  And even when a state court fails to state

which of the elements in a multi-part claim it found insufficient, deference is still due to that

decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated."

Id.

As <u>Harrington</u> noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. <u>Id.</u> at 100 (citing 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

<u>Id.</u> at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. <u>Id.</u>

6

**B.**     **Erroneous Sentence Claim**

In his first ground for relief, Petitioner argues that he was erroneously sentenced under the terms set for a first degree felony, rather than a second degree felony, after enhancement.  Petitioner explains the indictment originally alleged he committed a second degree felony by failing to comply with the sex offender registration laws after being convicted of aggravated rape with a deadly weapon in the 118th Judicial District Court of Howard County, Texas and indecency with a child in the 32nd Judicial District Court of Mitchell County, Texas.  According to Petitioner, the State abandoned the allegation regarding the Mitchell County conviction, making the crime a third degree felony.

Petitioner further explains the enhancement paragraph originally alleged he had previously been convicted of assault with intent to commit rape in Canadian County, Oklahoma, indecency with a child in the 32nd Judicial District Court of Mitchell County, Texas, and aggravated rape with a deadly weapon in the 118th Judicial District Court of Howard County, Texas.  Before trial, the State struck the reference to the Howard County conviction from the enhancement paragraph.  Petitioner contends the enhancement paragraph could only have been used to enhance his conviction to a second degree felony.

As explained by Respondent, Petitioner's sentence is not erroneous.  Article 62.102 of the Texas Code of Criminal Procedures defines the degree of felony under which the offense of failing to comply with registration requirements as a sex offender, as:

> (2) a felony of the **third degree** if the actor is a person whose duty to register expires under Article 62.101(a) and who is required to verify registration once each year under Article 62.058; and

7

> (3) a felony of the **second degree** if the actor is a person whose duty to register expires under Article 62.101(a) and who is required to verify registration once each 90-day period under Article 62.058.

Id. (emphasis added).  Petitioner was required to register once each 90-day period pursuant to Article 62.058 because he had been convicted two or more times of a sexually violent offense.  His second degree felony was enhanced to a first degree felony pursuant to Section 12.42(b) of the Texas Penal Code, which provides:

> Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony other than a state jail felony . . . the defendant shall be punished for a felony of the first degree.

Id.  As noted by Respondent, Petitioner's second degree felony was enhanced to a first degree felony due to Petitioner's previous felony conviction out of Canadian County, Oklahoma.  Petitioner was then properly sentenced within the range of punishment for a first degree felony.

Petitioner raised this claim in his state application for habeas corpus relief.  The Texas courts rejected his claim.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas relief.

## C.   Unanimous Verdict Claim

In his second ground for relief, Petitioner argues he was deprived of his Sixth Amendment right to a unanimous verdict of guilt on one of the two statutory violations with which he was charged.  He contends the trial court erred by instructing the jury that it could convict him for failing to comply with sex-offender registration requirements without agreeing unanimously on the

particular provision he violated. The trial court instructed the jury that it could convict him of failure to register if it found that he failed (1) to report in advance an intended change of address, along with the date of the move and the address, or (2) to report to his supervising officer while any move was pending and failed to provide the officer with the address of his interim residence. Although the trial court instructed the jury that its verdict must be unanimous, it did not instruct the jurors that they must agree unanimously that Petitioner violated a particular registration requirement.

Insofar as Petitioner complains the Texas appellate courts erroneously applied state-law principles in rejecting his claim that the trial court erred by instructing the jury that it could convict him for failing to comply with sex-offender registration requirements without agreeing unanimously on the particular provision he violated, his arguments do not furnish a basis for federal habeas relief. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Estelle v. McGuire, 502 U.S. 62, 67–68, (1991) (holding complaints regarding the admission of evidence under California law did not present grounds for federal habeas relief absent a showing that admission of the evidence in question violated due process); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (recognizing federal habeas relief will not issue for errors of state law); Pulley v. Harris, 465 U.S. 37, 41 (1984) (holding a federal court may not issue the writ on the basis of a perceived error of state law). In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. Estelle v. McGuire, 502 U.S. at 67–68; Lewis v. Jeffers, 497 U.S. at 780; Pulley v. Harris, 465 U.S. at 41. When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 it must decide whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner's allegations that the trial court erred have already been considered and rejected on both direct appeal and state habeas review. The state appellate court determined the jury instruction was not erroneous. The court explained:

> The trial court's instruction was not erroneous. The legislature created a single crime—failure to comply with registration requirements, Tex. Code Crim. Proc. art. 62.102(a)—and numerous registration requirements. See Young, 341 S.W.3d at 425 (listing various requirements). In Young, the court of criminal appeals held that, although the provision relating to an intended move has two parts—reporting the anticipated move and reporting the completed move, Tex. Code Crim. Proc. art. 62.055(a)—the legal duty is a single responsibility to report a move. Young, 341 S.W.3d at 427. The jurors need only agree unanimously that the offender failed to comply with one or the other requirement, not on which particular aspect of the reporting requirement he violated. Id. Although the requirement to report when an intended move is delayed is in a separate statute, see Tex. Code Crim. Proc. art. 62.051(h), it seems naturally part of the requirement to report a move—report that the move is intended, report that it is completed, or report that it did not occur and where the offender will live in the interim. All three are ways in which an offender can violate his duty to report his residence status as it is affected by an intended move and, therefore, they constitute alternate means of committing the same offense. As the Young court wrote with respect to the provisions of article 62.055(a), "The jury must unanimously agree that the defendant violated the statutory duty, but need not be unanimous concerning the specific manner and means of the violation." Young, 341 S.W.3d at 427. The trial court did not err by submitting this instruction.

Dunbar v. State, No. 03-12-00315-CR, 2014 WL 2741237 at, *3 (Tex. App. – Austin, June 13, 2014).

Alternatively, the state appellate court held the jury instruction did not cause egregious harm. The court explained:

> When assaying harm, we examine: 1) the entire jury charge; 2) the state of the evidence, including contested evidence and the weight of probative evidence; 3) the arguments of counsel; and 4) any other relevant information in the record to determine whether appellant suffered egregious harm. Id. Egregious harm may occur in a variety of circumstances—e.g., if the error affected the very basis of the case, undermined a defensive theory, made a conviction significantly more likely, or deprived the defendant of a valuable right. Taylor v. State, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011). The contested issue in this case-common to the statutes

appellant is charged with violating—is whether appellant intended to move. <u>See</u> Tex. Code Crim. Proc. arts. 62.051(h), .055(a). Appellant contends that there is no evidence that he intended to move and, thus, that these reporting statutes did not apply to him. The State contends that there is evidence that he intended to move and failed to provide the requisite notice.[1] The dispute over intent, however, does not create a possibility in which the jury's verdict would be non-unanimous on any particular means of commission of the offense because appellant undisputedly did not provide any notice required by articles 62.051 and 62.055. Either appellant intended to change his address and committed the violations alleged—which is sufficient to support the judgment whether the theories were submitted conjunctively or disjunctively—or he did not intend to change his address, the reporting requirements do not apply, and he is not guilty of the charged offenses.[2] The jury found him guilty, so it necessarily found that he intended to change his address and we have affirmed that verdict. We note that this must mean that the jury unanimously found that he violated article 62.055(a) because his duty to report under article 62.051(h) did not arise unless he first intended to move and then did not. Put another way, no reasonable juror could have found from the evidence presented that appellant failed to report an interim address pending an incomplete move under article 62.051(h) without first finding that he intended to move, in which case the juror must have found a violation of 62.055(a) based on the evidence presented that appellant provided no notice of an intended move. Because the jury necessarily unanimously found a violation of article 62.055(a), any error in the instruction did not affect the basis of either party's case, undermine a defensive theory, make a conviction more likely, or deprive appellant of a valuable right.

<u>Id.</u> at *4.

---

[1]     The evidence is undisputed that appellant utterly failed to report anything related to an intended or completed move to Michigan or anywhere else. He did not give notice of an intended move, notice that he had moved, or notice that a planned move was on hold and that he had an interim address. The only evidence is that appellant was last seen in the Austin area on April 8, that he was arrested in Michigan on May 8, and that, on May 20, his car—which contained his belongings and looked as if someone had been living in it—was reported abandoned nearby in Michigan and as having been in that location for at least a month.

[2]     Whether appellant might then be guilty of other theories of failure to report is beyond the scope of this opinion.

As explained above, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A petitioner is thus entitled to federal habeas relief due to trial error only if such error had a substantial and injurious effect or influence on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993).

> [U]nder Brecht, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. It must have had a substantial effect or influence in determining the verdict. We recognize, however, that if our minds are "in virtual equipoise as to the harmlessness," under the Brecht standard, of the error, then we must conclude that it was harmful.

Mayabb v. Johnson, 168 F.3d 863, 868 (5th Cir. 1999) (quoting Woods v. Johnson, 75 F.3d 1017, 1026-27 (5th Cir. 1996)). To be entitled to federal habeas relief due to a trial error, petitioner must show the error actually prejudiced him. Brecht, 507 U.S. at 637.

First, Petitioner has not shown that the trial court actually erred in his case. Second, the Supreme Court has not held that the Constitution imposes a jury unanimity requirement. See Hoover v. Johnson, 193 F.3d 366, 369 & n. 2 (5th Cir.1999) (citing Richardson v. United States, 526 U.S. 813, 821 (1999)). A trial court is authorized to instruct a jury that it may find that the defendant committed an offense by one or more specified means, even if the offense is charged in the conjunctive. See Schad v. Arizona, 501 U.S. 624, 631, (1991); Capps v. Collins, 900 F.2d 58, 60 n. 2 (5th Cir. 1990) ("Use of the conjunctive rather than the disjunctive in the indictment did not oblige the state to prove both."). Accordingly, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence, when it denied Petitioner's request for relief.

12

**D.       Sufficiency of the Evidence Claim**

In his third ground for relief, Petitioner argues the evidence was factually and legally insufficient to support his conviction.

1.       Factual Sufficiency

The Texas Court of Criminal Appeals no longer recognizes the separate factual sufficiency review that was established in Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). See Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010). Even when factual sufficiency review was a cognizable claim in Texas courts, it did not implicate federal constitutional concerns and was not a basis for federal habeas relief.  See Woods v. Cockrell, 307 F.3d 353, 358 (5th Cir. 2002).

2.       Legal Sufficiency

Petitioner argues the evidence introduced at trial never showed Petitioner had moved from his legal residence, he intended to move from his legal residence, or that he was living anywhere other than his legal residence.

The standard for testing the sufficiency of evidence in a federal habeas review of a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).  The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find the evidence established guilt beyond a reasonable doubt.  United States v. Leahy, 82 F.3d 624, 633 (5th Cir. 1996).

The State charged Petitioner with failing to register as a sex offender.  The two relevant statutory provisions state as follows:

13

If a person subject to registration under this chapter does not move to an intended residence by the end of the seventh day after the date on which the person is released or the date on which the person leaves a previous residence, the person shall:

(1) report to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the person by not later than the seventh day after the date on which the person is released or the date on which the person leaves a previous residence, as applicable, and provide the officer with the address of the person's temporary residence; and

(2) continue to report to the person's supervising officer not less than weekly during any period of time in which the person has not moved to an intended residence and provide the officer with the address of the person's temporary residence.

TEX. CODE CRIM. PROC. art. 62.051(h).

If a person required to register under this chapter intends to change address, regardless of whether the person intends to move to another state, the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department and to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address. If a person required to register changes address, the person shall, not later than the later of the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

TEX. CODE CRIM. PROC. art. 62.055(a).

In reviewing Petitioner's challenge to the sufficiency of the evidence, the state appellate court

found the evidence was sufficient to support Petitioner's conviction.  The court explained:

The evidence admitted at the guilt-innocence phase was sufficient to support the verdict that appellant intended to change his address from his Manor home. He was informed of and had complied with his sex-offender registration and reporting requirements for ten years, including registering when he moved from Austin to Manor. He stopped working by April 9, 2009, discontinued contact with officers monitoring him, failed to comply with his parole curfew hours (which is not a violation of the registration requirement, but is consistent with acting on an intent to

14

change address), and appeared to have rented his house in Manor to someone as of April 14—although the house appeared vacant on April 20. There is no indication that he intended to return to Manor. He was found in a Michigan apartment on May 8, albeit without evidence he was living in that or any other apartment. When his vehicle was reported abandoned in Michigan on May 20, it contained pillows, notebooks, stacks of papers, a photo, newspapers, and a cup, giving the impression he had been living in it. Appellant had left the keys with the landowner, who told Michigan police that the vehicle had been on his property for more than a month. Viewed most favorably to the verdict, this record contains sufficient evidence on which a rational jury could find beyond a reasonable doubt that appellant intended to change his address and failed to provide the new address to the proper authorities and also that appellant failed to apprise the proper authorities of his temporary address pending his move to an intended address.

Dunbar v. State, No. 03-12-00315-CR, 2014 WL 2741237 at, *2 (Tex. App. – Austin, June 13, 2014).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas relief.

## E.  Ineffective Assistance of Counsel

In his final ground for relief, Petitioner argues he was denied effective assistance of counsel. Specifically, he contends counsel was ineffective for failing to file pretrial motions of discovery, suppression and limine, investigate, present a viable defense that Petitioner had not moved, understand the sentencing laws under which Petitioner was sentenced, impeach the State's key witnesses, object to obvious errors such as hearsay and unanimity, and preserve errors.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668  (1984):

15

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687.

Petitioner raised some of his challenges to the effectiveness of counsel in his direct appeal and raised others in his state application for habeas corpus relief. The state court rejected his claims. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication

of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

> 1.    Failure to Investigate

Petitioner contends had his trial counsel done a proper investigation she would have found that his property was still at his Manor, Texas address, his name was still on the deed for that property, and he still received mail and paid bills there.  In addition, he states counsel could have learned his parole officer knew Petitioner was renting a room to a boarder in his house, because the officer wrongly ordered Petitioner to make the boarder move out.  He apparently believes this information could have been used to impeach the parole officer's testimony.

Petitioner's claim that counsel was ineffective for failing to perform an investigation into the case is without merit.  An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance.  Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir. 1994).  However, in order to establish that counsel was rendered ineffective by virtue of a failure to investigate the case against a defendant or to discover and present evidence, a convicted defendant must do more than merely allege a failure to investigate; he must state with specificity what the investigation would have revealed, what evidence would have resulted from that investigation, and how such would have altered the outcome of the case.  See Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989); Lockhart v. McCotter, 782 F.2d 1275, 1282-83

(5th Cir. 1986), cert. denied, 479 U.S. 1030 (1987).  None of the matters of which Petitioner complains would have altered the outcome of his case.

      2.    Failure to File Motions

Petitioner contends counsel should have filed motions for discovery, motions to suppress and motions in limine.  He argues counsel should have tried to suppress all of the evidence obtained from his vehicle, because the vehicle was found 30 miles away from where Petitioner was apprehended and it was in control of another person.

Plaintiff's claims of ineffective assistance of counsel are conclusory.  The Fifth Circuit has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.  Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).  Moreover, counsel is not required to file futile motions.  Johnson v. Cockrell, 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections).  To the extent Petitioner complains counsel failed to file a motion to suppress Petitioner has not shown his purported Fourth Amendment claim would have been meritorious.  As such, there is no reasonable probability that the verdict in Petitioner's case would have been different.  See, e.g., Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (providing "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice").

3.    Failure to Object to Improper Sentence

Petitioner argues counsel was ineffective for failing to argue his sentence was improper.  As explained earlier, Petitioner's sentence was not improper.  Therefore, his claim of ineffective assistance of counsel is without merit.

4.    Failure to Make Proper Objections

Petitioner argues counsel was ineffective for failing to make proper objections.  Petitioner raised this claim in his direct appeal and his state application for habeas corpus relief.  The state appellate court held Petitioner had not shown that his counsel provided ineffective assistance or that any deficiency in her performance prejudiced his defense.  The court noted Petitioner undisputedly did not report anything relating to an intended, thwarted, or accomplished change of address to any relevant authority, and the jury was within its province from the evidence admitted to infer that he intended to change his address.

Petitioner has not shown that counsel's failure to object to alleged hearsay testimony fell below an objective standard of reasonable competence or that but for this failure, the result of the proceeding would probably have been different.  Petitioner has not shown that his counsel's failure to object so prejudiced the defense that the outcome of the trial was unreliable, creating a reasonable probability that but for this failure, the result of the trial would have been different.

5.    Conclusion

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28

U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

20

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

**SIGNED** on August 26, 2016.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE